UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JESSE PRATER

                Plaintiff,

     -against-

POLICE OFFICER GERALD
BREINER; POLICE OFFICER FRANK
MUZIKAR; POLICE OFFICER
TERRELL ANDERSON; POLICE
OFFICERS "JOHN DOES" 1-5 (the
name John Does being fictitious, the
real names being presently unknown.

                Defendants.
------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 13-6841

ROSS, J.

LEVY, M.J.

SUMMONS ISSUED

Plaintiff, JESSE PRATER, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from a May 19, 2013 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, unlawful search and

1

seizure of premises and person, unlawful detention, false arrest, assault, battery, false imprisonment and malicious prosecution.

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff JESSE PRATER is a thirty-seven year old male who, at all times hereinafter mentioned, was and is a resident of the State of New York and the County of Kings.

9. Defendants TERRELL ANDERSON, GERALD BREINER, FRANK MUZIKAR and "JOHN DOES" 1-5 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of the City of New York.

10. Defendants Anderson, Breiner, Muzikar, and "John Does" 1-5 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11. Defendants Anderson, Breiner, Muzikar, and "John Does" 1-5 are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On Sunday, May 19, 2013, approximately 5:15PM, defendants Breiner and Muzikar and other members of the New York City Police Department team they were working with, arrested plaintiff at 155 18th Street, Kings County, NY.

13. Plaintiff, who is employed as a chef at well-known restaurant in midtown Manhattan, and who lives nearby, was visiting with co-workers at the location, which is a row house in the neighborhood of Sunset Park.

14. Plaintiff, his co-workers and several others were sitting on and standing around the front stoop at the location.

15. At some point an individual arrived (now known to plaintiff as Angelo Carrasquillo), who was seated in a vehicle about five feet from where plaintiff was standing.

16. Plaintiff and Carrasquillo were having a conversation when defendants Breiner and Muzikar appeared and placed Carrasquillo under arrest. Given the suddenness of the appearance of defendants Breiner and Muzikar, and the directness with which they approached and handcuffed Carrasquillo, it appeared to plaintiff that defendants Breiner and Muzikar had been 'looking for' Carrasquillo.

17. After handcuffing Carrasquillo, one of the defendants asked another "what should we do with him?" while indicating plaintiff. The other defendant, apparently in a position of seniority, replied "cuff him", whereupon plaintiff was placed in tight handcuffs and transported to the 072 precinct, at 830 4th Avenue, Brooklyn, NY.

18. After being detained for several hours, plaintiff was given a desk appearance ticket charging him with a single count of Criminal Possession of a Controlled Substance in the Seventh degree, a Class "A" misdemeanor (NY Penal Law § 220.03).

19. Defendant Anderson, as the acting Sergeant, approved and authorized the arrest of plaintiff.

20. Defendant police officers falsely represented to prosecutors and/or staff at the Kings County District Attorney's office that plaintiff had possessed cocaine at the time of his arrest.

21. Plaintiff was arraigned on July 8, 2013. According to the Criminal Court Complaint filed, plaintiff was charged with possessing cocaine in that defendant Breiner had observed plaintiff "hand defendant Angelo Carrasquillo a quantity of cocaine."[1] Plaintiff entered a plea of not guilty.

22. On October 15, 2013, after appearing in Brooklyn courts four times to defend himself against the charges against him, the plaintiff joined in an application to adjourn the criminal action in contemplation of dismissal.

23. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

---

[1] As stated above, Carrasquillo was arrested. Carrasquillo was charged with possession of cocaine as well, based upon possessing the same cocaine plaintiff was charged with possessing, as well as some twenty grams of additional cocaine recovered from Carrasquillo's rectum.

5

a) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person and his home;

b) Violation of his right, pursuant to the Fifth Amendment of the United States Constitution, not to be deprived of his liberty without Due Process of Law.

c) Violation of his New York State Constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

d) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

e) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

f) Loss of liberty.

## FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments of the United States Constitution because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged above.

6

## SECOND CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments of the United States Constitution because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments of the United States Constitution because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's Causes of Action;

b) Awarding plaintiff punitive damages in an amount to be determined by a jury for each of plaintiff's Causes of Action;

c) Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

d) Granting such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
December 5, 2013

                    Respectfully submitted,

                    KENNETH F. SMITH (KS0788)
                    Counsel for the Plaintiff

Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2910
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)